UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TABATHA S.,[1]

                        Plaintiff,

          v.

KILOLO KIJAKAZI,[2] Commissioner of
  Social Security,

                        Defendant.

_____

**DECISION
and
ORDER**

**20-CV-530F**
(**consent**)


APPEARANCES:         LAW OFFICES OF KENNETH R. HILLER, PLLC
                     Attorneys for Plaintiff
                     KENNETH R. HILLER, and
                     BRANDI CHRISTINE SMITH, of Counsel
                     6000 North Bailey Avenue, Suite 1A
                     Amherst, New York  14226
                             and
                     LEWIS L. SCHWARTZ, PLLC
                     Attorneys for Plaintiff
                     LEWIS L. SCHWARTZ, of Counsel
                     1231 Delaware Avenue
                     Suite 103
                     Buffalo, New York  14209


                     JAMES P. KENNEDY, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202
                             and

---

[1] The court notes Plaintiff's first name appears in the record spelled both as "Tabatha" and as "Tabitha." Because Plaintiff's name is spelled on papers by Plaintiff in her own handwriting as "Tabatha," *see* Dkt. 11 at 192, the court presumes "Tabatha" is the correct spelling of Plaintiff's first name and, accordingly, refers to Plaintiff as "Tabatha."

[2] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

JASON PARKERSON PECK, and
GRAHAM MORRISON
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York  12078

## JURISDICTION

On April 6, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 20).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on January 28, 2021

(Dkt. 16), and by Defendant on March 9, 2021 (Dkt. 18).

## BACKGROUND

Plaintiff Tabatha S. ("Plaintiff"), brings this action under Title XVI of the Social

Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of

the Commissioner of Social Security's final decision denying Plaintiff's applications filed

with the Social Security Administration ("SSA") on April 7, 2016, for Social Security

Disability Benefits ("SSDI") under Title II of the Act, and for Supplemental Security

Income ("SSI") under Title XVI of the Act ( together, "disability benefits").  Plaintiff

alleges she became disabled on May 7, 2015, based on back injuries.  AR[3] at 179, 182,

183, 202.  Plaintiff's applications initially were denied on July 5, 2016, AR at 81-86, and

at Plaintiff's timely request, AR at 89-90, on July 13, 2018, an administrative hearing

was held in Buffalo, New York before Administrative Law Judge Paul Georger ("the

ALJ").  AR at 12-42 ("administrative hearing").  Appearing and testifying at the

---

[3] References to "AR" are to the pages of the Administrative Record electronically filed by Defendant on October 26, 2020 (Dkt. 11).

administrative hearing were Plaintiff, represented by Lewis L. Schwartz, Esq., as well as vocational expert Jay Steinbrenner ("the VE").

October 1, 2018, the ALJ issued a decision denying Plaintiff's claims, AR at 63-80 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 141-43.  On September 3, 2020, the Appeals Council considered evidence submitted after the administrative hearing, but prior to the ALJ's decision which the ALJ did not address, but found such evidence did not provide any basis for changing the outcome of the ALJ's decision, and adopted the ALJ's Decision that Plaintiff was not disabled through the date of the ALJ's Decision, AR at 1-9, thus rendering the ALJ's Decision the Commissioner's final decision.  On May 4, 2020, Plaintiff commenced the instant action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On January 28, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 16) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Pleadings (Dkt. 16-1) ("Plaintiff's Memorandum").  On March 9, 2021, Defendant moved for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 (Dkt. 18-1) ("Defendant's Memorandum").  Filed on March 31, 2021, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 19) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

# **FACTS**[4]

Plaintiff Tabatha S. ("Plaintiff"), born December 31, 1984, was 30 years old as of her alleged disability onset date ("DOD") of May 7, 2015, AR at 19-20, 68, 150, 157, 179, and 33 years old as of October 1, 2018, the date of the ALJ's decision.  AR at 76. Plaintiff lives in a house with her three children.  AR at 20, 184, 192.  Plaintiff attended high school in regular classes until tenth grade, can read, write and do some math, but has not obtained a graduate equivalency degree nor completed any specialized job training or vocational school.  AR at 20-21, 184.  Plaintiff has a driver's license and drives, AR at 20, 201, and obtained a handicapped parking permit through her primary care physician because Plaintiff is unable to walk long distances.  AR at 31-32. Plaintiff's past relevant work ("PRW") includes as a personal care aide for various home health care agencies, a cashier, stock clerk, and as a counselor with a summer youth program.  AR at 21-24, 184.  Plaintiff maintains she became unable to work after giving birth to her youngest child.  AR at 24.

Plaintiff describes her activities of daily living as preparing simple meals for herself and her children, sitting in a recliner watching television, shopping for groceries with assistance from others, and Plaintiff's 10 and 14-year old children did the laundry. AR at 34-35, 200.  Plaintiff's children take care of the pet dog.  AR at 28-29, 193.

It is undisputed that Plaintiff suffers from degenerative disc disease of her lumbar spine with radiculopathy, migraine headaches, and obesity.  Plaintiff received primary care through Neighborhood Health ("Neighborhood Health"), in Buffalo, New York where she was treated by primary care physician Ellis Gomez, M.D. ("Dr. Gomez"), and

---

[4] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

nurse practitioner Kim M. Ham ("NP Ham").  AR at 335-89, 399-437, 453-82.  On October 22, 2015, Plaintiff, upon referral by Dr. Gomez, commenced treatment for her low back pain at Invision Health Brain and Spine Center ("Invision Health"), where Plaintiff saw Tobias A. Mattei, M.D. ("Dr. Mattei"), Sobhana Narayanan, M.D. ("Dr. Narayanan"), and Daniel Salcedo, M.D. ("Dr. Salcedo").  AR at 483-560.  Plaintiff's treatment for her back pain included non-steroidal anti-inflammatory and opioid pain medications, physical therapy, facet joint injections, and nerve blocks which Plaintiff reported provided temporary relief.  *See*, *e.g.*, AR at 483.

In connection with her disability benefits, on June 1, 2016, Plaintiff underwent an Internal Medical Evaluation on a consultative basis by Hongbiao Liu, M.D. ("Dr. Liu"). AR at 439-42.  On August 1, 2016, NP Ham completed a New York State Department of Motor Vehicle Application for a Parking Permit or License Plates for Persons with Severe Disabilities ("parking permit application"), on which NP Ham indicated Plaintiff had a permanent disability caused by lumbar back pain with radiculopathy, and neuromuscular dysfunction that severely limited Plaintiff's mobility, assessing Plaintiff had "severe lumbar radiculopathy" and "difficulty walking more than 50 ft due to numbness + pain."  AR at 452.  On June 28, 2018, Plaintiff underwent a Functional Capacity Evaluation at Work Capacity Center of WNY ("WCC"), in Amherst, New York with occupational therapist Joseph J. Higgins ("OT Higgins"), who issued on July 1, 2018, a Medical Source Statement – Ability to Do Work-Related Activities (Physical). AR at 561-70.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when she is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by

substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were

based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id.*, 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or

"the Listings"), and meets the duration requirement of at least 12 continuous months,

there is a presumption of inability to perform substantial gainful activity, and the claimant

is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§

423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth

step, however, if the impairment or its equivalent is not listed in Appendix 1, the

Commissioner must then consider the applicant's "residual functional capacity" or "RFC"

which is the ability to perform physical or mental work activities on a sustained basis,

notwithstanding the limitations posed by the applicant's collective impairments, *see* 20

C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant

work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains

capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is

unable to perform PRW relevant work, the Commissioner, at the fifth step, must

consider whether, given the applicant's age, education, and past work experience, the

applicant "retains a residual functional capacity to perform alternative substantial gainful

work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.

1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).

The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and

416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need

not be addressed because if the claimant fails to meet the criteria at either of the first

two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through September 30, 2018, AR at 68, has not engaged in substantial gainful activity since May 7, 2015, the alleged DOD, *id*., and suffers from the severe impairments of degenerative disc disease of the lumbar spine with radiculopathy, migraine headaches, and obesity, *id*., as well as non-severe impairments of hypertension and hypothyroidism, *id*., but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 69.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can occasionally climb ramps, stairs, ladders, ropes and scaffolds, and occasionally balance, stoop, kneel, crouch and crawl.  AR at 69-74.  The ALJ further found Plaintiff has no past relevant work ("PRW"), AR at 74, and that given Plaintiff's RFC, age, limited education, ability to communicate in English, with transferability of skills not relevant based on the lack of any PRW, Plaintiff was able to perform other work existing in the national economy in significant numbers including as a cashier II, sales attendant, and stock checker.  AR at 75-76.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act from the application date until October 1, 2018, the date of the ALJ's decision.  *Id*. at 76.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ improperly evaluated

the opinion evidence of record, particularly the opinions of OT Higgins and NP Ham, both of which were given "little weight," as compared to Dr. Liu's consultative opinion to which the ALJ gave "great weight," and thus formulated an RFC that is not supported by substantial evidence in the record, Plaintiff's Memorandum at 18-25.  In opposition, Defendant argues substantial evidence in the record supports the weight the ALJ applied to the medical opinions of OT Higgins and NP Ham, neither of whom, in contrast to Dr. Liu, is an accepted medical source as defined by the relevant regulations. Defendant's Memorandum at 6-18.  In reply, Plaintiff concedes neither OT Higgins nor NP Ham is an acceptable medical source for which the treating physician rule applies, but argues nevertheless, because both sources had a treating relationship of some length, the ALJ was still required, but failed, to consider the relevant factors set forth in the regulations for evaluating opinion evidence.  Plaintiff's Reply at 1-4.  There is no merit to Plaintiff's arguments.

With regard to Plaintiff's assertion that the ALJ's RFC formulation is not supported by substantial evidence in the record, because Plaintiff filed her disability benefits applications prior to March 27, 2017, the applications are subject to the so-called "treating physician's rule," which provides an opinion from a treating medical source is entitled to controlling weight so long as the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. . . ."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d Cir. 2017) (treating physician's opinion generally entitled to controlling weight when

"well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence in the case record.") (citations omitted).  Where, however, an opinion is not rendered by an acceptable medical source, essentially medical doctors, psychologists and psychiatrist, such opinions are not entitled to controlling weight yet, if rendered by a treating source, should be considered "in the context of the record as a whole."  *Smith v. Comm'r of Soc. Sec.*, 337 F.Supp.3d 216, 222 (W.D.N.Y. 2018).  Accordingly, the opinions of OT Higgins and NP Ham must be considered in the context of the record as a whole.

The ALJ is required to provide "good reasons" for the weight assigned to the opinion according to the four so-called "*Burgess* factors" articulated by the Second Circuit Court of Appeals in *Burgess v. Astrue*, 557 F.3d 117, 129 (2d Cir. 2009), including (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.  Although the ALJ's failure to expressly consider these factors is a procedural error that may warrant remand, "slavish recitation of each and every factor" is not required provided the ALJ's "reasoning and adherence to the regulations are clear."  *Atwater v. Astrue*, 512 Fed.Appx. 67, 70 (2d Cir. 2013).  So long as the court's review of the record demonstrates that "the substance of the treating physician rule was not traversed" the ALJ's decision must be affirmed even when the ALJ did not "explicitly" consider each of the *Burgess* factors.  *Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (despite the ALJ's failure to "explicitly consider" each of the *Burgess* factors, the ALJ's decision should be affirmed if a "searching review" of the record demonstrates "that the

substance of the treating physician rule was not traversed.") (citing *Halloran v. Astrue*, 362 F.3d 28, 32 (2d Cir. 2004)).  Here, a "searching review" of the record establishes the treating physician rule was not traversed.

In particular, with regard to OT Higgins, the medical source statement rendered on July 1, 2018 was based on OT Higgins's June 28, 2018 Residual Functional Evaluation, which, as relevant to the ALJ's RFC formulation, showed that Plaintiff has the RFC for sedentary-light activity, although limited to two to four hours per day for up to 12 to 15 hours per week.  AR at 567.  In the related medical source statement, OT Higgins opined Plaintiff can lift at waist level up to 10 lbs. frequently, 20 lbs. occasionally, and carry up to seven pounds frequently, and 20 lbs. occasionally.  AR at 561.  Plaintiff could at a time sit for 31 minutes, stand between 17 and 22 minutes, and walk for five to 13 minutes, and in an 8-hour workday could sit for three hours, stand for one to two hours, and walk for one hour.  AR at 562.  Plaintiff could occasionally reach overhead, and push/pull, frequently reach in all directions, handle and finger, and continuously finger and feel.  AR at 563.  Plaintiff could operate foot controls occasionally with her right foot, and occasionally to frequently with her left foot.  AR at 563.  Plaintiff could never climb ladders or scaffolds, could climb stairs and ramps for 20% of an eight-hour workday, stoop for 15% of an eight-hour day, kneel, crouch or crawl for 5% of an eight-hour workday, and frequently balance although her right leg was weaker than her left leg.  AR at 564.  OT Higgins summarized his findings by stating Plaintiff's chronic pain in her back and right leg limits Plaintiff's tolerances for sustained activity of the course of a workday.  AR at 566.  The ALJ gave OT Higgins's opinion "little weight" because the limitations the opinion suggests "are not consistent

with the medical record and are in excess of those supported by the medical evidence." AR at 74.

Contrary to Plaintiff's assertion that the ALJ did not fully consider OT Higgins's medical source statement, the ALJ set forth in detail the findings contained in the statement, which discussion includes each of OT Higgins's findings and occupies more an entire page of the ALJ's Decision.  AR at 72-74.  Insofar as Plaintiff asserts the RFC formulated by the ALJ is not supported by OT Higgins's statement on the functional capacity evaluation that Plaintiff can perform only sedentary work for two to four hours a day for a total of 12 to 15 hours per workweek, Plaintiff's Memorandum at 6 (citing AR at 567), such statement is inconsistent with OT Higgins's medical source statement that Plaintiff can sit for three hours, stand for one to two hours, and walk for one hour, AR at 562, thereby suggesting Plaintiff can perform such work-related activities for a total of six to seven hours in an eight-hour workday, or 30 to 35 hours per workweek. Significantly, the only other substantive difference between OT Higgins's medical source statement and the RFC formulated by the ALJ is Plaintiff's capacity for sitting and standing which OT Higgins estimated at one to two hours for standing and one hour for walking.  AR at 562.  In contrast, the ALJ found Plaintiff with the RFC for light work which can include a combination of standing and walking for up to six hours in an eight-hour workday.  AR at 69.  The hypotheticals posed by the ALJ to the VE at the administrative hearing, however, limited the need to stand and walk to one hour each in an eight-hour workday.  *See* AR at 39.  Accordingly, the ALJ accounted for OT Higgins's opinion regarding Plaintiff's limited ability to stand and walk and, as such, neither was the ALJ required to explain why he rejected that portion of an opinion that the ALJ did

not, in fact, reject, nor is remand required.  *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (declining remand where application of the correct legal principles could only lead to the same conclusion that the claimant was not disabled).

Plaintiff also challenges the ALJ's giving only "little weight" to NP Ham's statement on Plaintiff's parking permit application, dated August 2, 2016, that Plaintiff's low back condition limits Plaintiff's mobility to walking less than 200 feet.  AR at 74 (citing AR at 452).  As the ALJ found, in the parking permit application, NP Ham does not render any opinion as to Plaintiff's ability to perform work-related activities.  AR at 74.  Moreover, the statement was rendered by NP Ham not in connection with Plaintiff's disability benefits applications but, rather, in support of Plaintiff's application for a handicapped parking permit, the criteria for which are not in the record.  Significantly, opinions rendered in connection with other disability-based programs are not relevant to applications for disability benefits under the Act.  *See Evelyn R. v. Comm'r of Soc. Sec.*, 2021 WL 4134722, at * 4 (W.D.N.Y. Sept. 10, 2021) (disability claims under other programs such as New York State Workers' Compensation are governed by different standards and, thus, are not entitled to any "special significance").  Further, although NP Ham was often the medical care provider Plaintiff saw at Neighborhood Health, NP Ham's treatment notes do not contain any other assessment of Plaintiff's ability to perform work-related activities, and NP Ham's statement that Plaintiff can walk only 50 feet is inconsistent with OT Higgins's finding that Plaintiff can stand and walk for one hour in an eight-hour workday.  Accordingly, the ALJ did not err by giving NP Ham's statement appearing on the parking permit application "little weight," nor did the ALJ fail

to consider NP Ham's statement on the parking permit application in the context the *Burgess* factors.

Moreover, the ALJ's RFC formulation is supported by the consultative opinion of Dr. Liu, based on the June 1, 2016 Internal Medicine Examination, following which Dr. Liu diagnosed Plaintiff with chronic low back pain, hypertension, hypothyroidism (underactive thyroid condition), and obesity.  AR at 72 (citing AR at 441).  Dr. Liu also observed Plaintiff appeared to be in no acute distress, gait and stance were normal, and although Plaintiff could not perform heel walking, walked with moderate difficulty on her toes because of low back pain, and squat was only 50% because of low back pain and obesity, Plaintiff used no assistive devices, needed no help changing for the examination or getting on and off the exam table, and was able to rise from a chair without difficulty.  AR at 71 (citing AR at 440).  In reaching his conclusion that Plaintiff has only "a mild to moderate limitation for prolonged walking, bending, and kneeling," AR at 442, Dr. Liu further considered Plaintiff's activities of daily living including, *inter alia*, cooking and cleaning her house four times a week, laundry twice a week, shopping for groceries once a week, and taking showers and dressing every day, AR at 440, which are consistent with the activities of daily living Plaintiff reported to her treatment providers at Invision Health including, for example, on February 9, 2018, when Plaintiff denied side effects from opioid medications and reported she was able to perform self-care, grocery shopping and household chores, as well as care for her two-year old daughter.  AR at 488.  *See Green v. Comm'r of Soc. Sec.*, 2018 WL 2269797, at * 3 (W.D.N.Y. May 17, 2018) (it was proper for ALJ to determine the plaintiff's activities of daily living were inconsistent with a finding of disability).  Not only are Dr. Liu's findings

consistent with the hypothetical the ALJ posed to the VE, but "'the opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'"  *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's Decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, 1154 (2019) (internal citation and quotation marks omitted).  Indeed, as noted, see Discussion, *supra*, at 7, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in original).  In the

instant case, the ALJ's decision that Plaintiff could perform a limited range of light work such that Plaintiff was not disabled is supported by substantial evidence in the record.

## **<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff's Motion (Dkt. 16) is DENIED; Defendant's Motion (Dkt. 18) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:          September 21st, 2021
                Buffalo, New York